S99Y0554. IN THE MATTER OF SYBOL PATRICIA WILLIAMS.
(511 SE2d 507)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Sybol Patricia Williams' Petition for Voluntary Discipline, filed in response to several grievances pending with the Office of the General Counsel (OGC File Nos. 980270, 980271 & 980272). In her petition, Williams admits violating Standard 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him) of Bar Rule 4-102 (d) as alleged in one of the grievances and seeks to resolve all pending grievances filed against her by agreeing to the imposition of a six-month suspension, with reinstatement conditions.

The facts as admitted by Williams are as follows: Williams was retained by a client to perform legal services but failed to timely file the necessary pleadings on behalf of the client. As a result of Williams' failure to attend to her client's interests, the client suffered needless worry, concern, and financial inconvenience. Williams admits she had no just cause for her actions and, by virtue of her conduct, wilfully disregarded a legal matter entrusted to her in violation of Standard 44 of Bar Rule 4-102 (d).

Although Williams acknowledges that the maximum discipline which may be imposed for her conduct is disbarment, she states, in mitigation, that she suffers from an emotional disorder for which she is currently undergoing treatment. Accordingly, Williams respectfully submits that the appropriate discipline under the circumstances is the imposition of a suspension from the practice of law, as defined by Bar Rule 4-102 (b) (2), for a period of six months, with the following conditions for reinstatement: (a) Respondent shall place herself under the jurisdiction of the State Bar Lawyer Assistance Program (LAP) for evaluation, treatment and monitoring of any condition that LAP may determine appropriate; (b) Respondent shall provide any and all waivers required to allow LAP to provide infor-

mation to the Office of the General Counsel of the State Bar of Georgia concerning Respondent's condition, treatment and progress; (c) no sooner than the end of the sixth month after the effective date of the Supreme Court's order in this matter, Respondent may request that LAP review its records concerning Respondent. Respondent must obtain certification from LAP that, based on its review, Respondent exhibits no symptom of any condition that would make Respondent a danger to the public or her clients in the course of her practice of law. Respondent must obtain said certification before she can apply for re-admission to practice; (d) no sooner than the end of the sixth month after the effective date of the Supreme Court's order in this matter, but subsequent to obtaining certification from LAP, Respondent may request that the Office of the General Counsel of the State Bar of Georgia review its records concerning Respondent. Respondent must obtain certification from the Office of the General Counsel that, based on its review, Respondent has engaged in no conduct that makes Respondent a danger to the public or her clients in the course of her practice of law. Respondent must obtain said certification before she can apply for re-admission to practice; (e) Respondent shall serve upon the Office of the General Counsel copies of any certifications from LAP; (f) Respondent shall file any certifications from LAP and the Office of the General Counsel with the State Disciplinary Board; (g) Respondent shall file any request for re-admission to practice with the Review Panel of the State Disciplinary Board. Respondent's request must show that she has met all conditions for re-admission. The Office of the General Counsel shall file the response of the State Bar of Georgia to Respondent's request; (h) the Review Panel shall review the record of this proceeding, including the certifications, Respondent's request and the State Bar's response. The Panel shall file its report and recommendation on Respondent's re-admission with the Supreme Court.

The State Bar notes that Williams has no prior attorney discipline and believes that the interests of the Bar and the public would be best served by acceptance of the admissions made and discipline requested in Williams' Petition for Voluntary Discipline. This Court has reviewed the record and imposes the suspension stipulated in Williams' petition for voluntary discipline. The Court further orders that this sanction will resolve all grievances actually filed between September 1995 and November 9, 1998. Williams is hereby suspended from the practice of law in this state for a period of six months from the date of this order. At the end of that period she may seek reinstatement upon presenting evidence that she has satisfied each of the conditions set forth above.

*Six months suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED FEBRUARY 8, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.